IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IVAN L. MARTIN                                                                                          PLAINTIFF

v.                                             CIVIL NO. 25-3040

FRANK BISIGNANO, Commissioner
Social Security Administration                                                                  DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Ivan L. Martin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on January 23, 2023, and May 26, 2023, respectively, alleging an inability to work since December 15, 2016,[1] due to collapsed discs in the neck and upper back, lower back pain, arthritis, a left foot fracture with surgical hardware, a right foot fracture, muscle pain under both shoulder blades, and chronic depression.

---

[1] At the administrative hearing held on May 22, 2024, Plaintiff, through his counsel, amended his alleged onset date to January 23, 2023. (Tr. 14, 37).  Plaintiff's DIB application was also dismissed at the hearing as Plaintiff's date last insured was prior to his amended alleged onset date. (Tr. 37).

(Tr. 99, 234, 241). An administrative video hearing was held on May 22, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 32-64).

By written decision dated June 26, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: residual effects of a fracture of the 3rd-4th metatarsals, mild degenerative joint disease of the right ankle, arthropathy left ankle, residual effects of a fracture of the left ankle, degenerative disc disease of the thoracic spine, degenerative disc disease of the cervical spine, cervical laminectomy with post laminectomy syndrome, degenerative joint disease of the lumbar spine, mild degenerative joint disease of the SI joints, chronic pain syndrome, an adjustment disorder, a depressive disorder and a positive RA factor. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except the claimant cannot climb ladders, ropes or scaffolds. He can occasionally climb ramps and stairs, stoop, crouch, kneel and crawl. He should avoid concentrated exposure to excessive vibration, unprotected heights and hazardous machinery. The claimant can perform frequent bilateral overhead reaching. He can use judgment to make simple work related decision (sic); maintain concentration, persistence and pace for simple tasks; understand, carry out and remember simple work instructions and procedures; and adapt to changes in the work setting that are simple, predictable and easily explained.

(Tr. 20). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price tag ticketer, a routing clerk, an addresser, and a document preparer. (Tr. 25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on May 13, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No.

2

2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 9, 11).

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

**III.    Discussion:**

The regulations governing the consideration of medical opinions were revised for claims filed on or after March 27, 2017. Plaintiff filed his claim for SSI on May 26, 2023. Accordingly, the ALJ's treatment of medical opinion evidence is governed by 20 C.F.R. § 404.1520c. Under this Regulation, ALJs are to consider all medical opinions equally and evaluate their persuasiveness according to several specific factors – supportability, consistency, the medical source's relationship with the claimant, specialization, and other factors such as the source's understanding of the Social Security Administration's disability policies and their familiarity with other evidence in the claim. 20 C.F.R. § 404.1520c(c). ALJs must "articulate in [their] determination or decision how

4

persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b).

In this case, the ALJ acknowledged the medical opinions regarding Plaintiff's physical and mental capabilities but failed to articulate the persuasiveness given to the opinion of Dr. Joseph Michel. (Tr. 23-24). The ALJ's failure to comply with the opinion-evaluation Regulation warrants remand. *Bonnett v. Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021) (unpublished) (citations omitted); *Brandy B. v. Dudek*, No. 4:25-CV-394 SRW, 2025 WL 3227484, at *5 (E.D. Mo. Nov. 19, 2025) (An ALJ must articulate how persuasive he found all medical opinions and prior administrative medical findings in a claimant's case record). On remand, the ALJ must fully evaluate the medical opinion evidence, in accordance with 20 C.F.R. § 404.1520c. The ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of February 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE